# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN PAUL JONES, III,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DE-3330-15-0105-I-1 |
| 　　　　v. | |
| DEPARTMENT OF HEALTH AND<br>　　HUMAN SERVICES,<br>　　　　　　Agency. | DATE: July 23, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>James E. Simpson</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review and AFFIRM

---

[2] We have considered the appellant's arguments on review, most of which pertain to the agency's actions in his prior VEOA appeals and his analysis of the "disgraceful treatment of veterans" and the Board's obligations to veterans, and we find no basis for disturbing the initial decision. Petition for Review (PFR) File, Tab 1 at 5-22. Contrary to the appellant's arguments on review, the Board may decide a VEOA claim on the merits without holding a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Id.* at 8, 21; *see Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007). Under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight the agency accorded these experiences in reaching its decision that the appellant was not qualified for a given position of employment. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 12 (2014). Although the appellant argues that the administrative judge should not have accepted the agency's declaration that he lacked the required 1 year of qualifying experience for the position, he fails to identify any specific qualifying experience or work history included in his application which the agency purportedly omitted, overlooked, or excluded in determining that he was not qualified. PFR File, Tab 1 at 13; *see Miller*, 121 M.S.P.R. 88, ¶ 12. Regarding the appellant's argument that the administrative judge was biased, we find no evidence that the administrative judge's comments and actions in this appeal show "a deep-seated favoritism or antagonism that would make fair judgment impossible." PFR File, Tab 1 at 8; *see Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002)). Although the appellant also claims that he was denied the opportunity to prove that the agency committed prohibited personnel practices, the Board has no jurisdiction under VEOA to consider this claim. PFR File, Tab 1 at 14; *see Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 11 (2005). The appellant offers no new and

the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

material evidence or argument on review that was unavailable before the record closed, and he has not shown that administrative judge erroneously interpreted a statute or regulation.  *See* 5 C.F.R. § 1201.115.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.